IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ADAN JUISANO ARQUELLES,         )<br>                                 )<br>         Plaintiff,             )<br>                                 )<br>         v.                      )<br>                                 )<br> JOSEPH ARPAIO,                  )<br>                                 )<br>         Defendant.              )<br> _____ ) | CIV 05-03426 PHX SMM (MEA)<br><br>REPORT AND RECOMMENDATION<br>FOR DISMISSAL WITHOUT<br>PREJUDICE |

Plaintiff, while an inmate at the Maricopa County Durango Jail in Phoenix, Arizona, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 26, 2005. On December 2, 2005, the Court issued an order directing monthly payments be made from Plaintiff's inmate account and sent a copy of the payment order to Plaintiff. The Court's order also required Plaintiff to complete and return a service packet for Defendant to the Court by December 22, 2006. Plaintiff returned a service packet to the Court, which was returned to Plaintiff for correction on December 13, 2005. See Docket No. 5.[1]

---

[1] Additionally, the Court's service order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. Plaintiff was also warned that his failure to acquire a waiver of service from Defendant or to complete service of process on Defendant by February 22, 2006, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules

1  Plaintiff was apparently released from the custody of
2 the Maricopa County Sheriff's Department prior to December 19,
3 2005.[2]  See Docket No. 5.  The Court's return of the service
4 packet on December 13, 2005, has been returned to the Court as
5 undeliverable.  Plaintiff has not provided the Court with his
6 current address.

7  Rule 3.4, Local Rules of Civil Procedure for the United
8 States District Court for the District of Arizona requires
9 prisoner-litigants to comply with instructions attached to the
10 Court-approved complaint form for use in section 1983 actions.
11 Those instructions provide:  "You must immediately notify the
12 clerk ... in writing of any change in your mailing address.
13 Failure to notify the court of any change in your mailing
14 address may result in the dismissal of your case."

15  Plaintiff was warned that failure to file a notice of
16 change of address or to otherwise comply with the Court's orders
17 could result in the dismissal of his suit.  Plaintiff has not
18 filed a notice of change of address and mail sent to his last
19 known address was returned.  An order to show cause why this
20 action should not be dismissed for failure to serve the
21 defendant or for failure to prosecute would be futile.  See
22 Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (stating that

---

of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil Procedure.

[2]  Because Plaintiff was released from custody, Plaintiff is obligated to pay the filing fee for his section 1983 action within one month of being released from custody.

-2-

"[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only finding itself taking a round trip tour through the United States mail).

**THEREFORE, IT IS RECOMMENDED that** Plaintiff's complaint be **dismissed without prejudice** for Plaintiff's failure to comply with Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona and Rule 41(b), Federal Rules of Civil Procedure.

DATED this 3rd day of February, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-3-